## Lerman v. Jordan

*Harry F. Dunn, Jr.*, for plaintiffs.

*Edward J. Carney, Jr.* and *Harry J. Bradley*, for defendants.

GORBEY, J., May 4, 1970.—This is a matter in trespass arising out of an automobile accident which occurred on December 31, 1966. A complaint was filed on December 12, 1968. Service was made on defendant, Francis Jordan, on January 2, 1969, and an appearance was thereupon entered on his behalf shortly thereafter.

On January 9, 1969, counsel for defendant, Francis Jordan, notified counsel for plaintiffs that an appearance had been entered, but that Francis Jordan was not the operator of the subject automobile and that the actual operator was one James Charles Jordan, son of the above-named defendant. Defendant's attorney indicated that he would not object to an amended complaint at that point. Defendant's attorney, in his brief, and at the time of argument, indicated that this letter was followed by additional correspondence.

On March 14, 1969, he wrote to plaintiffs' counsel notifying him that they had sued the wrong man and again suggested that plaintiffs amend their complaint, which they failed to do.

On March 21, 1969, a copy of an answer of Francis Jordan together with written interrogatories were forwarded to plaintiffs' attorney denying the operation of the automobile and averring on the contrary that James Charles Jordan was operating the automobile.

By letter dated June 17, 1969, defendant Jordan's counsel requested answers to the interrogatories and informed plaintiffs' attorney that a motion for summary judgment would be defendant's only remedy. By letter dated July 17, 1969, defendant Jordan's counsel again requested answers to the interrogatories from plaintiffs' counsel and again asked plaintiffs' counsel to do something about the caption of the matter. Finally, on January 6, 1970, defendant Jordan, through his attorney, filed a motion for summary judgment which is presently before the court.

At the time of argument, plaintiffs' attorney did not deny receipt of any of the above-mentioned correspondence. In addition, all parties admit that the operator of the automobile in question was not Francis Jordan, but rather his son, James Charles Jordan. Finally, no agency is alleged in the complaint, nor was it contended at argument before the court that any exists. The only objection raised by plaintiffs to the motion was that an agreement was made "in principle" to stipulate that James Charles Jordan be substituted as defendant in place of Francis Jordan. The defense counsel denies any said agreement was reached either in principle or otherwise. To be sure, he was willing initially to stipulate to amend the caption. However, he never received an answer to his many requests, and for reasons known only to plaintiffs'

attorney, the caption was not amended. Defendant further argues that plaintiffs having not chosen to amend the caption cannot do so in view of the fact that over 11 months had passed at the time of the filing of the answer, and well over a year had passed from the time plaintiffs were first made aware of the situation.

In any event, the only matter presently before the court is the motion for summary judgment filed on behalf of defendant, Francis Jordan. As indicated above, it is admitted that Francis Jordan was not the operator of the automobile in question. Also there is no allegation in the complaint nor was it raised at the time of argument that he was in any way negligent in lending the automobile to his son. The only possible basis, therefore, of liability would be under an agency theory. However, no agency relationship was averred in the complaint nor does one exist, as was admitted at time of argument. Therefore, there is no material issue of fact.

We, therefore, make the following

### ORDER

And now, May 4, 1970, after argument in the above matter and upon consideration of the briefs of counsel, it is hereby ordered and decreed that the motion for summary judgment filed on behalf of defendant, Francis Jordan, be and the same is hereby granted.